UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GARY BUNNELL AND KIM BUNNELL,

        Plaintiffs,

        v.                              Case No. 20-C-0033

VILLAGE OF SHIOCTON AND
RICHARD KOMINOWSKI,

        Defendants.

**DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

      In 2016, Plaintiffs Gary and Kim Bunnell applied for building and flood-plain permits for the construction of their new home in the Village of Shiocton, Wisconsin. Village Zoning Administrator Richard Kominowski represented to Plaintiffs that the proposed construction would comply with Village, State, and Federal flood-plain zoning requirements, and issued the permits. Shortly after completion of construction, however, the Village sent Plaintiffs a notice stating that their $250,000 home was in violation of Village, State, and Federal flood-plain rules and regulations, and would have to be razed. Asserting state law claims for negligence and nuisance, as well as due process and takings claims under the Wisconsin and United States constitutions, Plaintiffs filed this action in the Circuit Court for Outagamie County against the Village and Kominowski. They seek relief in the form of money damages for the costs of razing their home and constructing a new one, or alternatively, an order enjoining enforcement of the zoning ordinance. Defendants timely removed the case, asserting federal question jurisdiction under 28 U.S.C. § 1331, and have now moved for dismissal of the state and federal constitutional claims

under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, Defendants' motion is granted.

A Rule 12(b)(6) motion tests the sufficiency of the complaint to state a claim upon which relief can be granted. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990); *see* Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss, the court accepts as true all well-pleaded factual allegations. The question presented by such a motion is, assuming the allegations of fact are true, does the complaint state a plausible claim upon which relief is legally available. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

Plaintiffs purport to have asserted a substantive due process claim under the Fourteenth Amendment and a takings claim under the Fifth Amendment to the United States Constitution, and the equivalent provisions of the Wisconsin Constitution. As unfortunate as the circumstances in which they find themselves, however, the allegations do not state a claim under either provision.

Plaintiffs first argue that they have stated a claim for substantive due process against the defendants. But substantive due process is an extremely limited vehicle for relief against state and local governments. "The Supreme Court has repeatedly cautioned against expanding the contours of substantive due process." *Catinella v. Cook County*, 881 F.3d 514, 518 (7th Cir. 2018) (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998)). The reasons for the Court's reluctance to expand the concept of substantive due process is that "guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended." *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992) (citing *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 225–26 (1985)). Thus, the Court has held that, where a particular Amendment "provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for

2

analyzing these claims." *Graham v. Connor*, 490 U.S. 386, 395 (1989). "As relevant here, the Court has limited the reach of the substantive component of the due-process guarantee to cases involving abuse of governmental power so arbitrary and oppressive that it shocks the conscience." *Catinella*, 881 F.3d at 518–19. "[O]nly the most egregious official conduct" can be said to violate this standard. *Lewis*, 523 U.S. at 846.

Applying these principles to this case, Plaintiffs' substantive due process claim fails for two reasons. First, the Fifth Amendment prohibition of taking property without just compensation more particularly applies. *Graham* would thus dictate that Plaintiffs' constitutional claim, if they have one, must be analyzed under that Amendment. Plaintiffs' substantive due process claim also fails, however, because it falls short of the standard for such a claim. The complaint does not allege an abuse of governmental power so arbitrary and oppressive as to shock the conscience.

What the complaint essentially alleges is that the Zoning Administrator for the Village made a mistake in issuing the permits for the construction of Plaintiffs' home. That a government employee could make a mistake is not an abuse of governmental power so arbitrary and oppressive as to shock the conscience. Human error or negligence, even on important matters, is unfortunately too common a phenomenon to shock a reasonable person's conscience. While the person or entity responsible for the error should in justice be required to pay for the damages caused by him or it, the error by itself does not amount to a violation of the Due Process Clause of the Fourteenth Amendment. "The conscience-shocking concept points clearly away from liability, or clearly toward it, only at the ends of the tort law's culpability spectrum: Liability for negligently inflicted harm is categorically beneath the constitutional due process threshold, . . . while conduct deliberately intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level." *Lewis*, 523 U.S. at 834

3

Case 1:20-cv-00033-WCG   Filed 05/01/20   Page 3 of 6   Document 11

(citations omitted). Plaintiffs' substantive due process claim fails to meet this standard and will therefore be dismissed.

Although the complaint also asserted a takings claim under the Fifth Amendment, Plaintiffs appear to have abandoned that claim. Pls.' Br. in Opp., Dkt. No. 6 at 4 ("Bunnell does not claim that the Village ordinance provisions or the application of those provisions constitute a taking."). Even if they did not abandon it, Plaintiffs' takings claim also fails.

The Fifth Amendment to the United States Constitution provides that private property shall not be taken for public use "without just compensation." U.S. Const. amend. V. "The clearest sort of taking occurs when the government encroaches upon or occupies private land for its own proposed use." *Palazzolo v. Rhode Island*, 533 U.S. 606, 617 (2001). The Court has also recognized, however, "that there will be instances when government actions do not encroach upon or occupy the property yet still affect and limit its use to such an extent that a taking occurs." *Id.* (citing *Pennsylvania Coal Co. v. Mahon*, 260 U.S. 393 (1922)). As guidance for when government action amounts to a regulatory taking, the Court has observed that "a regulation which 'denies all economically beneficial or productive use of land' will require compensation under the Takings Clause." *Id.* (quoting *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 1015 (1992)). But even where a regulation does not eliminate all economically beneficial use of a property, the Court has held that "a taking nonetheless may have occurred, depending on a complex of factors including the regulation's economic effect on the landowner, the extent to which the regulation interferes with reasonable investment-backed expectations, and the character of the government action." *Id.* (citing *Penn Central Transp. Co. v. City New York*, 438 U.S. 104, 124 (1978)); *see also Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 537 (2005).

4

Plaintiffs do not allege that they were deprived of all economic use of their property. Indeed, they do not challenge the flood-plain regulations which require the removal of their home at all. Their complaint is that the Village Zoning Administrator negligently issued permits allowing them to build their home in an area where building was not allowed. They reasonably relied upon the Village's issuance of the permits and now must incur the expense of removing their home and rebuilding it at another location. The defendants' actions, as noted above, appear to amount to negligence, but they do not amount to a taking of private property for public use. Absent a taking, Plaintiffs have no Fifth Amendment claim.

With the federal claims gone, Plaintiffs' state law claims, including their claims arising under the Wisconsin Constitution, will be remanded to the Circuit Court for Outagamie County pursuant to 28 U.S.C. § 1367(c). That section provides that a district court may decline to exercise supplemental jurisdiction over state law claims after the court has dismissed all claims over which it has original jurisdiction. The Seventh Circuit has said that a district court ordinarily should relinquish jurisdiction over supplemental state-law claims if all federal claims are dismissed before trial. *See Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 514 (7th Cir. 2009). But even though the relinquishment of jurisdiction is the general rule, the court must consider certain factors, including the interests of judicial economy, convenience, fairness and comity, in deciding whether to follow that rule. Consideration of those factors here supports declining jurisdiction. The state law claims are novel, involving questions of municipal liability for the negligent issuance of permits under negligence and nuisance theories, in addition to the possibility of relief under the state constitution. These are the types of issues that should be addressed by the courts of the State of Wisconsin. The case is in its earliest stages with discovery yet to begin, and neither party is

prejudiced or harmed by remanding the case to state court for resolution of the remaining state law claims.

Defendants' motion (Dkt. No. 3) for partial dismissal is therefore granted and all federal claims are dismissed with prejudice. The remaining state law claims are remanded to the Circuit Court for Outagamie County. The clerk is directed to mail a certified copy of this order to the clerk of that court. No costs or attorneys' fees are awarded.

**SO ORDERED** at Green Bay, Wisconsin this 1st day of May, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court
